```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
TRUSTEES OF EMPIRE STATE CARPENTERS
ANNUITY, APPRENTICESHIP,
LABOR-MANAGEMENT COOPERATION,
PENSION AND WELFARE FUNDS,

                        Plaintiffs,
                                        MEMORANDUM & ORDER
            -against-                   14-CV-2893(JS)(GRB)

ARBOR CONCRETE CORP.,

                        Defendant.
-------------------------------------X
APPEARANCES
For Plaintiffs:         Charles R. Virginia, Esq.
                        Elina Burke, Esq.
                        Richard B. Epstein, Esq.
                        Virginia & Ambinder LLP
                        40 Broad Street, 7th Floor
                        New York, NY 10004

For Defendant:          No appearances.
```

SEYBERT, District Judge:

Pending before the Court are (1) Plaintiffs' motion for default judgment (Docket Entry 11); and (2) Magistrate Judge Gary R. Brown's Report and Recommendation ("R&R"), recommending that this Court grant Plaintiffs' motion (Docket Entry 16). For the following reasons, the Court ADOPTS the R&R in its entirety,

BACKGROUND

Plaintiffs Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds ("Plaintiffs") commenced this action on May 7, 2014 against defendant Arbor Concrete Corp. ("Defendant"), to confirm and

enforce an arbitration award under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, Section 502(e)(1) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e)(1), and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9.  The arbitration award, issued on March 9, 2014, found that Defendant failed to pay certain fringe benefit contributions and directed Defendant to pay Plaintiffs "$12,950.89, consisting of contributions of $8,592.76, interest of $389.58, liquidated damages of $1,718.55, attorneys' fees of $1,500.00, and the arbitrator's fee of $750.00."  (R&R at 5-6; Compl. Ex. A.)

On May 27, 2014, Plaintiffs filed an affidavit of service, affirming that the Summons and Complaint were served on Defendant through the Secretary of State on May 9, 2014. (Docket Entry 4.)  Defendant did not answer or otherwise respond to the Complaint, and Plaintiffs requested a Certificate of Default on July 2, 2014.  (Docket Entry 7.)  The Clerk of the Court certified Defendant's default that same day.  (Docket Entry 8.)  On August 11, 2014, Plaintiffs moved for a default judgment.  (Docket Entry 11.)  On August 12, 2014, the undersigned referred Plaintiffs' motion to Magistrate Judge Gary R. Brown for a report and recommendation as to whether the pending motion should be granted.  (Docket Entry 14.)

On February 27, 2015, Judge Brown issued his R&R. (Docket Entry 16.) The R&R recommends that the Court enter an order: (1) confirming the arbitration award; (2) awarding Plaintiffs damages in the amount of $12,950.89 plus interest from March 9, 2014, the date of the arbitration award, through the date of judgment at the rate of 0.75% per month; (3) awarding Plaintiffs $1,245.00 in attorneys' fees and costs; and (4) ordering Defendant and its officers to make available to Plaintiffs, or their authorized representatives, any and all books and records Plaintiffs deem necessary to conduct an audit. (R&R at 6, 17-18.)

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Brown's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

<u>CONCLUSION</u>

Judge Brown's R&R (Docket Entry 16) is ADOPTED in its entirety and Plaintiffs' motion for a default judgment (Docket Entry 11) is GRANTED. The Court hereby confirms the arbitration award entered in favor of Plaintiffs and against Defendants. (Compl., Docket Entry 1, Ex. A.) Defendant and its officers are hereby ORDERED to make available to Plaintiffs, or their authorized representatives, any and all books and records Plaintiffs deem necessary to conduct an audit. In addition, the Clerk of the Court is directed to enter judgment in favor of Plaintiffs and against Defendant as follows: (1) $12,950.89 plus interest from March 9, 2014 through the date of judgment at the rate of 0.75% per month and (2) $1,245.00 in attorneys' fees and costs. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  25 , 2015
       Central Islip, New York